IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS O'CAIN,                                  Civ. No. 06-1194-AA

           Plaintiff,                  OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

           Defendant.
_____

Alan Stuart Graf
P.O. Box. 98
Summertown, TN 38483
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

Franco L. Becia  
Special Assistant United States Attorney  
Social Security Administration  
701 5th Avenue, Suite 2900 M/S 901  
Seattle, WA  98104-7075  
    Attorneys for Defendant

AIKEN, Judge:

    Plaintiff Thomas O'Cain brings this action under 42 U.S.C. §§ 405(g) seeking judicial review of the final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act (the Act).  The Commissioner's decision is affirmed.

## BACKGROUND

    In November 2002 plaintiff filed his application for disability insurance benefits.  Tr. 68-70.  After plaintiff's applications were denied initially and on reconsideration, he timely requested an administrative hearing.  Tr. 32-41, 46.  On hearings held July 26, 2005 and November 10, 2005, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ).  Tr. 332-403.  On February 24, 2006, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, because he was able to perform other work.  Tr. 10-28.  On June 22, 2006 the Appeals Council denied plaintiff's request for review, rendering the ALJ's ruling as the final decision of the Commissioner.  Tr. 4-6.  Plaintiff now seeks judicial review.

    At the time of the ALJ's decision, plaintiff was fifty-one years old with a high school equivalent education, two years of

2 - OPINION AND ORDER

college courses and past relevant work as machinist, milling machine operator, screw machine operator, air brake parts operator, and machine part finisher. Tr. 25-26, 68, 89. Plaintiff alleges disability since December 14, 2000 due to Crohn's disease, atrial fibrillation, back pain, joint and muscle pain and depression. Tr. 13.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an

college courses and past relevant work as machinist, milling machine operator, screw machine operator, air brake parts operator, and machine part finisher. Tr. 25-26, 68, 89. Plaintiff alleges disability since December 14, 2000 due to Crohn's disease, atrial fibrillation, back pain, joint and muscle pain and depression. Tr. 13.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 16; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff suffered from medically "severe" impairments of Crohn's disease and back pain. Tr. 16; 20 C.F.R. § 404.1520(c).  The ALJ also found that plaintiff had non-severe impairments of atrial fibrillation, headaches, neurological symptoms, esophagitis, and depression.  Tr. 16.

At step three, the ALJ found that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  Tr. 22; 20 C.F.R. § 404.1520(d).  Thus, the analysis proceeded to step four.

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work.  In doing so, the Commissioner must assess the sustained work-related activities the

4 - OPINION AND ORDER

claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545. If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f).

The ALJ found that plaintiff retained the RFC to perform medium work. Specifically, the ALJ found that plaintiff could lift up to fifty pounds occasionally and twenty-five pounds frequently, and that he could stand or walk for six hours in an eight-hour work day and also sit for six hours in an eight-hour work day. Tr. 25. However, the ALJ found that plaintiff was limited intermittently to light work because of his atrial fibrillation symptoms. Tr. 25. Based on these findings, the ALJ found that plaintiff could not perform his past relevant work. Tr. 26; 20 C.F.R. § 404.1520(e); Social Security Regulation (SSR) 96-8p. The ALJ proceeded to step five.

At step five the ALJ relied on the testimony of the vocational expert and found that plaintiff's RFC as set forth above allowed plaintiff to perform other work at the light and sedentary level, specifically as an electronics worker, general inspector, tool inspector, tool programmer, small products assembler, circuit

ticket seller, board assembler, and parts assembler. Tr. 26-27. Therefore, the ALJ found plaintiff not disabled under the meaning of the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred at step two by failing to find his impairments of atrial fibrillation, headaches, and esophagitis non-severe, either individually or in combination. Plaintiff also argued that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Benikova, a treating physician. The Commissioner maintains that the ALJ properly evaluated the medical evidence.

### A. Step Two Determination

"An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). In other words, a severe impairment must have more than a minimal effect on the claimant's ability to perform work activities.

The record does not contain evidence to support a finding that plaintiff's headaches, neurological symptoms, or esophagitis are severe. Tr. 156-59, 175-77, 196, 320-21. Although plaintiff reported to medical care providers that he suffers from sharp, stabbing head pain, plaintiff indicated that the pain lasts from a

few seconds to one minute in duration.  Therefore, even if plaintiff experienced such headaches multiple times per day, based on his own representations, they would not last for than several minutes total.  Moreover, plaintiff did not testify or report that his headaches affected his ability to work.  With respect to esophagitis and neurological symptoms, the record contains no evidence as to whether and what type of limitations results from this impairment, or whether they affect plaintiff's ability to work.[1]  Tr. 121-32, 196, 320-21.

The ALJ's assessment of atrial fibrillation is a closer question, given the evidence that plaintiff suffered an episode of atrial fibrillation that resulted in a hospital visit.  Tr. 267-68. Based on the nature of plaintiff's symptoms, this limitation could affect his ability to work.  Tr. 152, 211-16, 310-13.  However, the ALJ ultimately found that plaintiff was limited to light work intermittently because of atrial fibrillation, and the other work identified by the vocational expert is within the light work classification.  Tr. 26.  Therefore, even if the ALJ erred in her step two determination regarding atrial fibrillation, I find any error to be harmless.  Tr. 214-216, 241.

---

[1] Plaintiff also argues that the ALJ failed to find plaintiffs' nausea and digestive problems severe.  However, the ALJ found plaintiff's Crohn's disease and related symptoms severe; however the ALJ found that plaintiff's claims regarding the intensity and severity of these symptoms were not supported by the record.  Tr. 18.  Plaintiff does not challenge the ALJ's credibility finding.

7 - OPINION AND ORDER

B. Opinion of Treating Physician

Plaintiff next argues that the ALJ erred by rejecting the opinion of Dr. Benikova, a treating physician.

The relative weight given to medical source opinions depends on the opportunity for the provider to observe and know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontradicted opinion of a treating physician. If contradicted, the ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting a treating physician's opinion. See Lester, 81 F. 3d at 830; see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995).

Dr. Benikova wrote a letter and opined that the combination of plaintiff's impairments rendered him "not capable of handling a full-time job, even if it is sedentary and low-stress." Tr. 319. The ALJ rejected Dr. Benikova's opinion, because it was not supported by test results, objective findings, or other supporting information. Tr. 25. Additionally, the ALJ noted that Dr. Benikova's opinion relied primarily on plaintiff's subjective

8 - OPINION AND ORDER

reports, which the ALJ found not credible. Tr. 25.  I find these reasons legally sufficient and supported by evidence in the record. Tr. 320-22; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (a "physician's opinion of disability premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations may be disregarded where those complaints have been properly discounted") (quotation and citation marks omitted); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.
IT IS SO ORDERED.

Dated this  21   day of July, 2007.


                            /s/ Ann Aiken
                          Ann Aiken
                 United States District Judge

9 - OPINION AND ORDER